JOHN W. and LILLIAN M. BOSWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boswell v. Commissioner
Docket No. 2931-78.
United States Tax Court
T.C. Memo 1979-144; 1979 Tax Ct. Memo LEXIS 375; 38 T.C.M. (CCH) 643; T.C.M. (RIA) 79144; April 16, 1979, Filed John W. Boswell, pro se. Charles B. Zuravin, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL *376 TRIAL JUDGE GILBERT, Special Trial Judge: The respondent determined a deficiency in the petitioners' Federal income tax for the year 1974 in the amount of $1,971. The only question for decision is whether the petitioners are entitled to a deduction in 1974 for the loss suffered by them on the sale of their home in June 1973. The petitioners filed a timely Federal income tax return for the year 1974. At the time the petition herein was filed, they lived at 210 Gateswood Road, Timonium, Maryland. Some of the facts in this case were stipulated. The facts so stipulated are incorporated herein by this reference. In June 1973, the petitioners sold their former residence in Watertown, New York at a loss. This loss was reported on their Federal income tax return for the year 1973 as a capital loss. Since the petitioners had purportedly rented their house for six months or so prior to its sale, they decided that the loss should have been claimed as an ordinary loss on property used by them in the trade or business of holding it for rent. Instead of amending their 1973 return, the petitioners claimed this loss as an ordinary loss on their 1974 Federal income tax return. *377 The petitione rs and the respondent are agreed that, whatever the nature of the loss incurred on the sale of this prop erty, it was a loss incurred in 1973 and is not subject to be ing claimed as a loss incurred in 1974. Even though the loss was incurred in 1973, there is, of course, the possibility that it might have been effective to reduce taxable income in the year 1974. However, the evidence shows clearly that, if the loss were an ordinary loss, the petitioners' income was sufficient in 1973 to completely absorb the loss and that, if the loss were a deductible capital loss, the petitioners' capital loss carryovers were such that the loss from this source would not affect taxable income in the year 1974. Therefore, we must sustain the respondent in his position that the loss on the sale of this property is not effective to reduce taxable income in the year 1974. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.